FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 26 2026 ★
BROOKLYN OFFICE




UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

Christopher Smith,

Plaintiff,

v. Civil Action No. 25-cv-02955

City of New York;

Melinda Katz, in her official capacity as District Attorney of Queens County,

Defendants.

FIRST AMENDED COMPLAINT

Filed as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B)

I. JURISDICTION AND VENUE

1. This action arises under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this District.

II. PARTIES

4. Plaintiff Christopher Smith is a resident of the State of New York.

5. Defendant City of New York is a municipal corporation organized under the laws of the State of New York and is responsible for the policies, practices, and customs of the New York City Police Department.

6. Defendant Melinda Katz is the District Attorney of Queens County and is sued in her official capacity only.

III. FACTUAL ALLEGATIONS

7. Plaintiff reported a sexual assault to the NYPD.



8. Plaintiff was advised that he would receive follow-up regarding the report.

9. No follow-up occurred.

10. Plaintiff thereafter sought to inquire about the handling of his report by contacting NYPD Internal Affairs.

11. Prior to reporting the assault, calls placed from Plaintiff's primary telephone number reached the Internal Affairs automated prompt normally.

12. After reporting the assault and seeking follow-up, calls from Plaintiff's primary telephone number would reach the automated system but terminate upon selecting the "Complaint Division" option.

13. This termination occurred repeatedly.

14. Calls placed from alternate telephone numbers selecting the same option connected normally and did not terminate.

15. Plaintiff recorded these incidents.

16. Plaintiff publicly criticized the District Attorney's Office on its website regarding the handling of his matters.

17. After engaging in such public criticism, calls from Plaintiff's primary telephone number to the District Attorney's Office routed directly to voicemail.

18. Calls from alternate telephone numbers to the same office connected to a live representative.

19. These differential routing conditions persist.

20. The differential treatment described above occurred after Plaintiff engaged in protected activity.

## IV. COUNT I – FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

21. Plaintiff repeats and realleges the foregoing paragraphs.

22. Plaintiff engaged in constitutionally protected activity by reporting a crime, seeking follow-up, attempting to file complaints, and publicly criticizing government officials.

23. After engaging in protected activity, Plaintiff experienced differential denial of access to official government communication channels.

24. The conduct would deter a person of ordinary firmness from continuing to engage in protected petitioning activity.

25. The adverse actions occurred in temporal proximity to Plaintiff's protected activity.

26. Defendants' conduct violated Plaintiff's rights under the First Amendment.

## V. COUNT II – MUNICIPAL LIABILITY (Monell) – CITY OF NEW YORK

27. Plaintiff repeats and realleges the foregoing paragraphs.

28. The Internal Affairs Complaint Division and the District Attorney's Office telephone systems are municipal infrastructure.

29. The sustained differential routing of Plaintiff's primary number constitutes conduct attributable to municipal policy, custom, practice, or deliberate indifference.

30. The conduct persisted over time and was not an isolated malfunction.

31. The City of New York is liable pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978).

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests:

A. Declaratory judgment that Defendants' conduct violated Plaintiff's First Amendment rights;

B. Injunctive relief requiring restoration of equal access to official communication channels;

C. Compensatory damages in an amount to be determined at trial;

D. Costs and such other relief as the Court deems just and proper.

Respectfully submitted,

Christopher Smith

1411 Harrison Street

Philadelphia, PA 19124

Dated: ____________________

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of ____________, 2026, I mailed a true and correct copy of the foregoing First Amended Complaint to counsel for Defendants via U.S. Mail.

Christopher Smith

CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE




THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022

1411 Harrison St
Philadelphia, PA
19124

PHILADELPHIA PA 190
18 FEB 2026 PM 6 L

9589 0710 5270 2873 8032 11

Clerk of Court
The ~~Honorable LaShon A. Dearcy~~
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 26 2026 ★
BROOKLYN OFFICE

11201-183299

U.S. POSTAGE PAID
FCM LETTER
PHILADELPHIA, PA 19124
FEB 18, 2026
$5.30
S2324D501759-95
11201
Retail
RDC 99